UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SCOTT JEFFREY DEVOOGHT,<br><br>　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　Defendant. | No. 4:15-cv-04108-SLD-JEH |

ORDER

Metropolitan Life Insurance Company ("MetLife") denied Scott Jeffrey DeVooght's application for disability benefits pursuant to an employee insurance plan. DeVooght, proceeding without an attorney, sued MetLife and MetLife employees Joyce Allen and Ann Marie Hess (together "Defendants"), seeking unpaid disability benefits and damages based on various state law theories of contractual liability. Defendants have filed a motion to dismiss DeVooght's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 19. They argue that (1) DeVooght's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. § 1144; (2) Defendants Allen and Hess cannot be individually liable; and (3) DeVooght's jury demand should be stricken. The Court GRANTS the motion, but notes that this does not dismiss DeVooght's claims for unpaid benefits.

BACKGROUND

1. **Facts**[1]

As part of his former employment with L.B. Benefits, DeVooght was a participant in an employee welfare benefit plan ("the Plan"). Compl. ¶ 7. DeVooght became disabled in May 2011 and sought long-term disability benefits under the Plan. Compl. ¶ 8. MetLife denied DeVooght's initial claim for benefits and his appeal. Compl. ¶ 9. Pursuant to the terms of the Plan, DeVooght could file a civil law suit seeking benefits within a specified time period that begins "60 days after the date Proof [of meeting conditions to receive benefits] is filed and ends 3 years after the date such Proof is required." Defs.' Mem. Ex. A at 46; Compl. ¶ 9.

DeVooght emailed Defendants to clarify the deadline to file suit. Compl. ¶ 10. On August 4, 2014, Defendant Joyce Allen, an employee of MetLife, responded: "there is no dead line set for filing suit." Compl. ¶ 10. In March 2015, DeVooght again inquired via email about the deadline to file a civil action challenging the denial of benefits. Compl. ¶ 11. Defendant Ann Marie Hess, also a MetLife employee, responded to DeVooght's inquires that the deadline to file suit had passed, as it had been November 15, 2014. Compl. ¶ 11.

2. **MetLife's motion to dismiss**

Defendants filed a motion to dismiss DeVooght's state law claims of bad faith, misrepresentation of material facts, and unfair insurance claim practices, which are the claims he lists on his pro se pleading. They contend that those state law claims are preempted by ERISA, specifically by 29 U.S.C. § 1144(a). Defendants also argue that Defendants Allen and Hess may not be held individually liable under ERISA and therefore request that the claims against Allen

---

[1] The Court draws these facts from the complaint or otherwise from the record and assumes they are true for purposes of this motion.

and Hess be dismissed. Defendants also request that DeVooght's demand for a jury trial be stricken because ERISA does not provide jury trial rights.

ANALYSIS

1.   **Preemption under 29 U.S.C. § 1144(a)**

Federal preemption is an affirmative defense that flows from the Supremacy Clause of the Constitution, and it "operates to prevent the enforcement of state laws that conflict with federal laws or regulations." *Fifth Third Bank ex rel. Tr. Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005) (citing U.S. Const. art. VI, cl. 2). Whether a federal statute displaces a state law depends on whether Congress intended such a result. *Id.* at 746 (stating "congressional purpose" is "the ultimate touchstone" in a preemption analysis); *see also Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1046 (7th Cir. 2013) (citing *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)). Congressional intent to preempt state law may manifest as express preemption, field preemption, or conflict preemption. *Aux Sable Liquid Prods. v. Murphy*, 526 F.3d 1028, 1033 (7th Cir. 2008). "Express preemption occurs when a federal statute explicitly states that it overrides state or local law." *Id.*

ERISA expressly preempts state law; section 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). If an employee benefit plan is regulated by ERISA and the state law the plaintiff seeks to enforce "relates to" the plan, the claim is preempted. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987) (holding common law tortious breach of contract and bad faith claims preempted by § 1144); *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 735 (1985) (noting the broad scope of § 1144 preemption).

3

### a. The Plan is regulated by ERISA

ERISA defines an employee welfare benefit plan as a plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of sickness, accident, disability, death or unemployment . . ." 29 U.S.C. § 1002(1). ERISA "appl[ies] to any employee benefit plan" so defined. 29 U.S.C. § 1003(a).

The Plan under which DeVooght filed for, and was denied, disability benefits falls under the statutory definition. The Plan plainly identifies L.B. Benefits, DeVooght's former employer, as the employer contracting with MetLife to provide benefits. Defs.' Ex. A at 1. Further, the Plan was established in part for the express purpose of providing disability benefits. *See id.* The Plan is regulated by ERISA, and therefore state law claims that relate to it are subject to preemption.

### b. DeVooght's state law claims are preempted by § 1144(a)

Section 1144(a)'s preemptive scope is broad. *E.g.*, *Pilot Life*, 481 U.S. at 41; *Franciscan Skemp*, 538 F.3d at 598. Any state law cause of action that "relate[s] to" an employee benefit plan is preempted by ERISA. 29 U.S.C. § 1144(a). In *Pilot Life*, the Supreme Court emphasized that the phrase "relate[s] to" in § 1144(a) is granted a "broad common-sense meaning." 481 U.S. at 47 (quoting *Metro. Life*, 471 U.S. at 739). All that's needed to satisfy that broad meaning is that the state law cause of action "has a connection with or reference to such a plan." *Id.*; *see also id.* at 48 ("The common law causes of action raised in [the plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § [1144(a)].").

The Seventh Circuit has consistently applied *Pilot Life* to hold that § 1144 preempts a wide range of state law claims related to employee benefits. *See, e.g.*, *Kannapien v. Quaker Oats*

4

*Co.*, 507 F.3d 629, 640 (7th Cir. 2007) (dismissing state contract and promissory estoppel claims as preempted by ERISA); *Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 777 (7th Cir. 2006) ("A suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted.").

DeVooght's state law claims fall within the scope of § 1144(a). DeVooght asserts state law claims of misrepresentation of material facts, bad faith, and unfair insurance claim practices; each claim arises from MetLife's denial of DeVooght's disability benefits and its review of that denial. As in *Pilot Life*, the state law claims here relate to the Plan. DeVooght's state law claims are preempted by § 1144 of ERISA.

Although DeVooght's state law claims are preempted, complete dismissal of this lawsuit is not warranted. This is so because ERISA provides a private right of action to a plan participant to "recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a). DeVooght's complaint seeks damages for "past benefits, future benefits and worsened health caused by Defendant acting in Bad Faith, Misrepresentation of Material Facts and employing Unfair Insurance Claim Practices," Compl. ¶ 16, and his response states that he "fully intended to file the civil suit per the remedies provided," Resp. 2. Federal courts construe pro se pleadings liberally, and that DeVooght's complaint failed to expressly invoke § 1132 does not bar him from pressing such a claim.[2]

2. **Individual liability under ERISA**

Allen and Hess are not proper defendants to a § 1132 action. A lawsuit under § 1132 for benefits due "must be brought against the party having the obligation to pay." *Larson v. United*

---

[2] Of course, this should not be construed as a comment on the merit of such a claim, only that the lawsuit may move forward.

*Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) (clarifying general rule that an employee benefit plan is typically the proper defendant in a § 1132 action).

Under the terms of the Plan, MetLife is the obligor, not its individual employees. The Plan clearly identifies "We, Us, and Our" to mean MetLife, and delineates the benefits which "we will pay." Defs.' Mem Ex. A. As individual employees, Defendants Allen and Hess have no obligation to pay any benefits under the terms of the Plan and are therefore improper defendants in an ERISA claim. *See Larson*, 723 F.3d at 913 ("When an employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims, an action against the insurer for benefits due is precisely the civil action authorized by § 1132(a)(1)(B).").

### 3. Jury trial rights under ERISA

In the Seventh Circuit, a plaintiff does not have a right to a jury trial under ERISA. *E.g.*, *Patton v. MSF/Sun Life Financial Distributors*, 480 F.3d 478, 484 (7th Cir. 2007) (restating general rule that, in an ERISA case, "the plaintiff has no right to a jury trial"). DeVooght does not have a right to a jury trial, his demand for one is therefore stricken.

### CONCLUSION

For the reasons stated above, MetLife's motion to dismiss, ECF No. 19, is GRANTED. Any state law claims are dismissed, the claims against the individual defendants are dismissed, and the jury demand is stricken.

Entered August 15, 2016.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE